**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOMMY LEE FRYMAN, | No. 10-15371 |
| Petitioner - Appellant, | D.C. No. 3:05-cv-00156-MHP |
| v. | |
| W. A. DUNCAN, Warden; JEANNE S. WOODARD, Director, California Department of Corrections, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

Argued and Submitted April 11, 2011
San Francisco, California

Before: FERNANDEZ and RAWLINSON, Circuit Judges, and WELLS, Senior District Judge.[**]

Tommy Lee Fryman appeals the district court's denial of his petition for a

writ of habeas corpus. Fryman maintains that his state court sentence of 25 years

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Lesley Wells, Senior District Judge for the Northern District of Ohio, sitting by designation.

to life for possession of 1.2 grams of cocaine base amounts to cruel and unusual punishment, in violation of the Eighth Amendment. He also argues that prospective application of California's Proposition 36, a voter initiative mandating drug treatment instead of incarceration for nonviolent drug possession offenders, violates the Equal Protection Clause.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas relief may only be granted if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Under AEDPA, an unreasonable application of law is not merely clearly erroneous; it is "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75–76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

Under this highly deferential standard of review, neither of Fryman's claims entitles him to habeas relief. The state courts' conclusion that Fryman presented no viable constitutional claim was neither contrary to, nor an unreasonable application of, clearly established federal law.

AFFIRMED.

2